Ridley vs. Ford & Giddens.

DAVID RIDLEY, plaintiff in error, vs. FORD & GIDDENS, defendants in error,

Plaintiffs holding note and *fi. fa.* in pawn for payment for a coat sold to the holder, is not entitled to recover the money against the maker of the note and defendant in *fi. fa.*, if there was a prior contract between the parties that the debt should be paid in corn, and the corn was delivered in payment. If the contract was subsequent to the delivery of the papers in pawn, the plaintiffs were entitled to recover the value of the coat and nothing more. If the verdict of the jury was not against the weight of evidence, it ought not to be disturbed.

Ridley vs. Ford & Giddens.

Certiorari, from Worth county.    Decision by Judge Pow-ERS, at October Term, 1857.

One Spencer Brown, being indebted to Ford & Giddens, traded or transferred to them in payment of his debt, a prom-issory note which he held on David Ridley, for about twen-ty-eight dollars, and also a *fi. fa.* against him, issued from a Justice's Court, for about twenty-six dollars.

Ford & Giddens sued Ridley on the note in a Justice's Court, and had the *fi. fa.* levied on his property.

Ridley filed illegality to the *fi. fa.*, and plead payment as to the note.    Both issues came on to be tried at the same time, when Ridley proved that he had agreed to let Brown have corn in payment of them; that he delivered one turn of corn to Brown's widow, Brown having died, when Giddens notified him not to pay the corn, as he should not give up the papers; and that he had delivered the residue to his wid-ow; and that he had thereby fully paid of and satisfied both the note and *fi. fa.*

The Justices gave judgment for the defendant Ridley in both cases, and upon appeal, the jury found for him on the note, and sustained the illegality to the *fi. fa.*   Whereupon, Ford & Giddens sued out a *certiorari* and had the causes cer-tified, for review and correction, to the Superior Court.

Upon the hearing before Judge Powers, he remanded the cases, with orders to the Justices to enter judgment for Ford & Giddens, for the amount of the note, and counsel for Rid-ley excepted.

R. H. CLARK, for plaintiff in error.

JNO. B. COLDING, *contra.*

*By the Court.*—MCDONALD, J. delivering the opinion

The plaintiffs sold one Spencer Brown a coat, for which he was to give them a note on some third person.    He had

delivered to Giddens, one of the plaintiffs, a note and *fi. fa.*
on the defendant in the Court below, who is plaintiff in error
here, to be handed to a collecting officer, and told Giddens at
the same time, that if he never brought him any other note,
he was safe any how, that he could keep the note and *fi. fa.*
Giddens, in a conversation with Garry G. Ford, told him that
he had the note and *fi. fa.*, and if Ridley would make him
safe for the payment of the coat bought by Brown, he would
give up the papers. Giddens afterwards refused to do it, and
claimed to hold them in pawn for what Brown owed him.
It does not appear at what time the contract was made be-
tween Ridley and Brown when the latter agreed to receive
the corn in payment. If it was prior to the time that Brown
agreed to let the plaintiffs keep the papers in pawn for pay-
ment for the coat, the delivery of the corn according to the
contract, was a payment of both *fi. fa.* and note; if subse-
quently, the plaintiffs were entitled to recover the value of the
coat and no more. There was no evidence of the value of the
coat before the jury. It is not so manifest that the verdict of
the jury was decidedly against the weight of evidence, as to
entitle the plaintiffs to a new trial; and it is clear that they
are not entitled to a judgment for the twenty-eight dollars.

Judgment reversed.